UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

SHAWN C. ALLS,

    Petitioner,

vs.

BEN CURRY, Warden,

    Respondent.

No. C 09-1638 PJH (PR)

**ORDER GRANTING RESPONDENT'S MOTION TO DISMISS AND SETTING DEADLINES**

This is a habeas case brought pro se by a state prisoner under 28 U.S.C. § 2254. Respondent has filed a motion to dismiss claims one, three, and four. Petitioner has filed an opposition and respondent a reply. The motion will be granted.

## BACKGROUND

In 1990 petitioner was convicted of conspiracy to commit murder and attempted murder and was sentenced to prison for twenty-five years to life. The petition is directed to denials of parole on September 14, 2006, and February 6, 2008. The court issued an order to show cause on four claims: (1) there was not "some evidence" to support the denial of parole at his 2006 hearing; (2) there was not "some evidence" to support the 2008 denial; (3) the Board failed to give proper consideration to the fact that he was sixteen at the time of the crime; (4) his due process rights were violated by the Board's failure to hold the hearing within the time required by California law.

## DISCUSSION

**I.    Statute of Limitations as to Claim I**

Respondent contends that claim one is barred by the statute of limitations. The statute of limitations is codified at 28 U.S.C. § 2244(d). Petitions filed by prisoners

challenging non-capital state convictions or sentences must be filed within one year of the latest of the date on which: (A) the judgment became final after the conclusion of direct review or the time passed for seeking direct review; (B) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented petitioner from filing; (C) the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (D) the factual predicate of the claim could have been discovered through the exercise of due diligence.  28 U.S.C. § 2244(d)(1).  Time during which a properly filed application for state post-conviction or other collateral review is pending is excluded from the one-year time limit.  *Id.* § 2244(d)(2).

The statute of limitations for claims arising from denial of parole, such as this one, runs from the date the denial becomes final.  *See Redd v. McGrath*, 343 F.3d 1077, 1079 (9th Cir. 2003).  Petitioner's claim one is specifically directed to the purported lack of evidence at his 2006 hearing (he makes the same claim as to the 2008 hearing in claim two).  The 2006 decision became final on January 12, 2007, Mot. to Dismiss, Ex. 1, attached Ex. A at 76, so the statute of limitations would expire on January 12, 2008, absent tolling.  *See Patterson v. Stewart*, 251 F.3d 1243, 1246 (9th Cir. 2001) (adopting what is referred to as the "anniversary method" because, absent any tolling, the expiration date of the limitation period will be the same date as the triggering event but in the following year).

Petitioner did file a series of state habeas petitions directed to the 2006 decision; they tolled the limitations period.  *See* 28 U.S.C. § 2244(d)(2) (time during which a properly filed application for state post-conviction or other collateral review is pending is excluded from the one-year time limit).  The first petition, in the California Superior Court, is deemed filed on December 11, 2007, applying the "prison mailbox rule."  Mot. to Dismiss, Ex. 1, attached Pet. at (unnumbered) 7-8; *see Stillman v. LaMarque*, 319 F.3d 1199, 1201 (9th Cir. 2003) (one-year limitation period tolled under 28 U.S.C. § 2244(d)(2) starting on the day prisoner delivers state petition to prison authorities for forwarding to court).  The series of state petitions ended with the California Supreme Court's September 17, 2008, denial of

a petition for review. Mot. to Dismiss at Ex. 3. The petition with which petitioner commenced this case will be treated as having been filed on April 7, 2009, the date he says he submitted it to prison authorities for mailing.

There were 333 days between the date the parole denial became final and that date petitioner submitted his first state habeas petition for filing. There were 192 days between the California Supreme Court's denial of his petition for review and the date he filed the petition in this case. There thus was a total of 525 untolled days between finality of the parole denial and commencement fo this case, even after statutory tolling, so tolling does not save claim one.

Petitioner had an earlier case that also was directed to the 2006 parole denial, *Alls v. Curry*, No. C 08-3807 PJH (PR). It was filed on August 8, 2008, before the California Supreme Court ruled on his petition for review, and was dismissed on September 8, 2008. It was dismissed because Alls had said in the petition that he had a state collateral review proceeding pending, a statement which the court confirmed from the California court's website. *See Sherwood v. Tomkins*, 716 F.2d 632, 634 (9th Cir. 1983) (requiring dismissal of federal habeas petition filed while a state case involving the same judgment is pending). In his opposition here, Alls says that "[d]ue to [the court order in the earlier case] . . . he has combined all three habeas petitions into one petition . . . ." Opp. at 5.

The earlier case was dismissed without prejudice to "refiling it when no further proceedings are pending in the California state courts." There was nothing about combining habeas petitions or combining attacks on separate parole denials. If petitioner had promptly filed a new federal petition when his last state petition directed to the 2006 denial was denied, that is, soon after September 17, 2008, the petition would have been timely. He waited five months instead, with the result that this petition is untimely as to the 2006 denial. The motion will be granted as to claim one.

**II.    Claims Three and Four**

Respondent contends that petitioner has not stated a cognizable federal claim in issues three and four. In issue three he contends that the Board failed to give proper

3

consideration to the fact that he was sixteen at the time of the crime, and in issue four that the Board failed to hold the hearing within the time required by California law.

Habeas corpus petitions must meet heightened pleading requirements. *McFarland v. Scott,* 512 U.S. 849, 856 (1994). An application for a federal writ of habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state court must "specify all the grounds for relief which are available to the petitioner ... and shall set forth in summary form the facts supporting each of the grounds thus specified." Rule 2(c) of the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254. "'[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a 'real possibility of constitutional error.'" Rule 4 Advisory Committee Notes (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970). "Habeas petitions which appear on their face to be legally insufficient are subject to summary dismissal." *Calderon v. United States Dist. Court (Nicolaus)*, 98 F.3d 1102, 1108 (9th Cir. 1996) (Schroeder, J., concurring).

There is no established due process right to have a parole board take account of specific evidence, as in this case petitioner contends the Board should have given weight to his age at the time of the offense, and given that it is controversial whether there is a due process right to the "some evidence" standard at all, it could not have been unreasonable for the state court to have rejected this claim. *Compare Hayward*, 603 F.3d at 555-61, *with id.* at 567-68 (Berzon, J., concurring in part and dissenting in part). In consequence, the facts petitioner alleges in claim three are not sufficient to point to a real possibility of constitutional error, and the motion must be granted as to that claim.

And as to claim four, the contention that the parole hearing was not timely under California law, that claim obviously is one of state law, not federal, and so cannot be the basis for habeas relief here. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (federal habeas unavailable for violations of state law or for alleged error in the interpretation or application of state law). The motion must also be granted as to claim four.

///

///

4

**CONCLUSION**

Respondent's motion to dismiss (document number 12 on the docket) is **GRANTED**. Claims one, three and four are **DISMISSED**.

Respondent shall answer the order to show cause as to issue two only. The answer shall be filed within thirty days of the date this order is entered. Petitioner may file a traverse (the response to an answer is called a "traverse" in habeas practice) within thirty days of the date the answer is served upon him. The petition then will be ruled upon without oral argument unless the court orders otherwise at a later date.

**IT IS SO ORDERED.**

Dated: August 23, 2010.

PHYLLIS J. HAMILTON
United States District Judge

P:\PRO-SE\PJH\HC.09\ALLS1638.DSM.wpd